UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

    v.                                  Civil No. 17-cv-581-LM

Town of Wolfeboro

**REPORT AND RECOMMENDATION**

Before the court for preliminary review is Josephine Amatucci's complaint (Doc. No. 1) in this matter, brought against the Town of Wolfeboro ("Town"). Pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2), the complaint is before the court for preliminary review.

**Preliminary Review Standard**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## **Background**

Mrs. Amatucci alleges that on June 29, 2015, the Town of Wolfeboro ("Town") filed a petition in the Carroll County Superior Court ("CCSC"), asking that court to declare Mrs. Amatucci to be a vexatious litigant, pursuant to N.H. Rev. Stat. Ann. § ("RSA") 507:15-a. See Town of Wolfeboro v. Amatucci, No. 212-2015-CV-0090 (N.H. Super. Ct., Carroll Cty.). On November 28, 2016, the CCSC granted the Town's petition after a bench trial and consideration of written submissions. See id. In its November 28, 2016 vexatious litigant order ("VLO"), the CCSC declared Mrs. Amatucci to be a vexatious litigant under RSA 507:15-a, and imposed restrictions on her ability to file lawsuits in the New Hampshire Superior Court, as follows:

> The court finds the appropriate remedy that restrains Amatucci from further filing of frivolous complaints and repetitive pleadings without violating her right of access to the courts, is as follows:
>
> A. Amatucci is henceforth required to post a cash or surety bond sufficient to cover all attorney's fees and anticipated damages prior to initiating any new complaint in the Superior Court;
>
> B. The court will screen and reject any pleadings in existing cases, or new complaints or lawsuits Amatucci files if they raise the same issues previously addressed;
>
> C. No civil lawsuits or criminal complaints related to Amatucci's arrests in 2002, 2003, 2013, or 2014, however they may be styled, will be docketed;

>     D.  Any lawsuit, complaint or pleading that is
>         frivolous and filed with a purpose to harass will
>         be rejected;
>
>     E.  Amatucci shall pay all required filing fees
>         and service fees for any new lawsuit she
>         initiates; and
>
>     F.  Such fees shall not be refunded, if the
>         lawsuit is docketed and later dismissed.

VLO at 18-19. The record in the vexatious litigation action in the CCSC indicates that no appeal was taken in that matter.

Mrs. Amatucci has now filed this action against the Town, asserting that it is liable to her under 42 U.S.C. § 1983 for violations of her federal rights, and for tortious conduct under state law. Although neither the CCSC nor the state court judge who issued the VLO are defendants here, certain claims in this action, asserted under the banner of "due process" violations by the Town, appear to be, in fact, challenges to the validity of the VLO itself. The court addresses all of the claims asserted below.

## Discussion

### I. Claims Challenging Validity of VLO

Mrs. Amatucci has asserted claims that explicitly or implicitly ask the court to find that the VLO itself is invalid, incorrect, overbroad, and/or void, both as a matter of state law and as a matter of federal constitutional law. Under the

3

Rooker-Feldman doctrine, however, this court does not have jurisdiction to rule on the validity of the VLO. That doctrine "applies in the limited circumstances where the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." McKenna v. Curtin, 869 F.3d 44, 47-48 (1st Cir. 2017) (internal quotation marks and citations omitted).

In order to grant Mrs. Amatucci the relief she seeks on claims that, in effect, challenge the validity of the VLO, this court would have to determine that the CCSC incorrectly decided the vexatious litigation case, and thereby pass judgment on that court's ruling. That is the appropriate function of an appellate court, and this court is not empowered to serve in that capacity for cases lost in state court. Accordingly, the district judge should dismiss the following claims Mrs. Amatucci has asserted in her complaint, as the Rooker-Feldman doctrine deprives this court of jurisdiction to consider them:

- The VLO violates Mrs. Amatucci's Fourteenth Amendment right to equal protection, as it requires her to pay the filing fee in any action she files, although she is indigent;

- The VLO violates Mrs. Amatucci's First Amendment right to access the courts in order to petition the government for a redress of grievances, as it improperly restricts her ability to file lawsuits in the Superior Court;

- The VLO was improperly issued, and the VLO action should have been deemed barred by res judicata, as a previous

4

> Superior Court order precluded litigation of the question of whether Mrs. Amatucci is a vexatious litigant;

- The VLO was based on the CCSC's incorrect finding that Mrs. Amatucci's previous lawsuits, upon which the VLO was based, were frivolous and harassing;

- The petition seeking the VLO failed to state a claim, and was based on malice, deceit, and fraud;

- The VLO is void on its face because the court did not have sufficient evidence before it to satisfy the requirements for finding an individual to be a vexatious litigant pursuant to RSA 507:15-a; and

- The vexatious litigant action was "rigged" and the validity of the VLO is undermined by ex parte communications between the court and the defendant.

II. **Claims Against the Town**

    A. Substantive and Procedural Due Process Claims

Mrs. Amatucci asserts that the Town violated her Fourteenth Amendment rights to substantive and procedural due process by filing a vexatious litigant petition in the CCSC. Mrs. Amatucci has not alleged that any act of the Town deprived her of any of her procedural rights in the vexatious litigation proceedings. Further, Mrs. Amatucci has not alleged that the Town took any action to interfere with her ability to appeal the CCSC's decision to the New Hampshire Supreme Court. Accordingly, Mrs. Amatucci has failed to state a claim against the Town for a violation of her procedural due process rights.

Mrs. Amatucci's Fourteenth Amendment claim against the Town arises, if at all, as one asserting a violation of her

substantive due process rights.  "In order to assert a viable substantive due process claim, a plaintiff has 'to prove that [he or she] suffered the deprivation of an established life, liberty, or property interest, <u>and</u> that such deprivation occurred through governmental action that shocks the conscience.'"  <u>Najas Realty, LLC v. Seekonk Water Dist.</u>, 821 F.3d 134, 145 (1st Cir. 2016) (citation omitted) (emphasis in original).  "To meet this standard, the state actions must be 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'"  <u>Irish v. Maine</u>, 849 F.3d 521, 526 (1st Cir. 2017) (quoting <u>Cty. of Sacramento v. Lewis</u>, 523 U.S. 833, 847 n.8 (1998)).

Assuming, without deciding, that Mrs. Amatucci could demonstrate that the actions of the Town in filing the vexatious litigant petition, that Mrs. Amatucci was able to defend, deprived her of a constitutionally protected interest, filing such an action is not conduct that "shocks the conscience."  To the extent Mrs. Amatucci has asserted that the Town engaged in wrongdoing during that litigation, she has similarly failed to demonstrate conscience-shocking behavior.  Accordingly, Mrs. Amatucci has failed to state a federal due process claim against the Town.

B.   <u>State Law Claims</u>

Under 28 U.S.C. § 1367(a),

6

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "State and federal claims are part of the same 'case or controversy' for the purposes of section 1367(a) if they derive from a common nucleus of operative fact or are such that [they] . . . would ordinarily be expected to [be] tr[ied] . . . in one judicial proceeding." Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC, 730 F.3d 67, 72 (1st Cir. 2013) (quotation marks and citations omitted).

The undersigned magistrate judge has recommended that the district judge dismiss all of the federal claims from this action. If the district judge adopts that recommendation, this case will contain no claims over which this court has original jurisdiction. Accordingly, the court recommends that the court decline to exercise supplemental jurisdiction over Mrs. Amatucci's claims that arise under state law, identified as Claims 2(a)-(b), with subparts, and dismiss those claims without prejudice to Mrs. Amatucci's ability to assert them in state court.

**Conclusion**

For the foregoing reasons, the court recommends that the district judge dismiss this action in its entirety, without prejudice to Mrs. Amatucci's ability to file her state law claims in a court of competent jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 18, 2017

cc: Josephine Amatucci, pro se